**UNITED STATES of America, Plaintiff,**

v.

**Robert E. BLAKE, individually and doing business as MidCentral Services, Local Finance Co., OK Loan Service of Oklahoma City, Signature Loan Service, Sooner Loan Service of Oklahoma City, Sooner Loan Service of Tulsa, Time Finance Company of Oklahoma City and Time Finance Company of Tulsa, Defendants.**

No. CIV–90–1064–W.

United States District Court,
W.D. Oklahoma.

Nov. 8, 1990.

Timothy D. Leonard, U.S. Atty., Deborah A. Woods, Asst. U.S. Atty., Oklahoma City, Okl., John R. Fleder, Director, Office of Consumer Litigation, Civ. Div., U.S. Dept. of Justice, Washington, D.C., for plaintiff.

Bryce A. Baggett, Oklahoma City, Okl., for defendants.

ORDER

LEE R. WEST, District Judge.

This matter comes before the Court on Motion of the Defendants to Dismiss or, in the Alternative, for Summary Judgment against Plaintiff in the captioned cause. This cause for injunctive relief and civil penalties is brought under the Federal

---

Trade Commission Act for practices that violate the Equal Credit Opportunity Act, 15 U.S.C. §§ 1691–1691f. Among other things, Defendants assert that a two-year statute of limitations applies to the Federal Trade Commission's (FTC) action. Plaintiff asserts that a five-year statute of limitations is applicable. For the reasons stated below, the Court finds that the five-year statute of limitations is applicable to the captioned cause.

The Equal Credit Opportunity Act (ECOA) is comprised of nine sections, two of which describe actions which may be brought under ECOA. Section 704 entitled Administrative Enforcement enumerates twelve agencies which may exercise their powers under any provision of law specifically given to them to effect enforcement of ECOA. Certain agencies are specifically committed to oversee specific entities. The FTC retains a residual power to enforce the ECOA if no other agency is specifically committed to oversee a certain entity.

Under Section 704, the FTC is authorized to utilize the "powers and functions" of the FTC Act in order to enforce the ECOA. Pursuant to its powers and functions, the FTC brings suits for civil fines and other penalties under a five-year statute of limitations as prescribed in Title 28 U.S.C. § 2462.

Section 706 describes other actions which may be brought under the ECOA. Section 706 of the ECOA entitled Civil Liability allows civil actions for damages under the following circumstances: 1) private actions brought by an aggrieved individual, 2) private actions brought by a class of aggrieved individuals, 3) cases referred to the Attorney General by the agencies enumerated in Section 704 of the ECOA which were unable to obtain compliance of the ECOA, and 4) suits brought by the Attorney General on its own initiative if it is believed creditors are engaged in "pattern or practice in violation of" the ECOA.

Section 706 of the ECOA as amended in 1976 contains a two-year statute of limitations which is limited to that section. The statute of limitations states in pertinent part:

"Any action under this *section* may be brought in the appropriate United States district court without regard to the amount in controversy, or in any other court of competent jurisdiction. No such action shall be brought later than two years from the date of the occurrence of the violation[.]" Section 706(f), Public Law 94–239; 90 Stat. 254; 15 U.S.C. § 1691e(f). (Emphasis added.)

Prior to the amended statute of limitations cited above, Section 706 of the ECOA contained a one-year statute of limitations which stated in pertinent part:

"... any action under this *title* may be brought in any United States district court, or in any other court of competent jurisdiction, within one year from the date of the occurrence of the violation." Section 706(g), Public Law 93–495, 88 Stat. 1525. (Emphasis added.)

The clear, unambiguous and plain language of the ECOA as amended specifies the period of limitations as limited to actions brought under Section 706 of the ECOA. The Court does not consider legislative intent when a statute is unambiguous, except in rare and exceptional circumstances. *Howe v. Smith*, 452 U.S. 473, 483, 101 S.Ct. 2468, 2475, 69 L.Ed.2d 171 (1981).

The Court is aware of legislative history regarding the 1976 amendment which indicates that the Committee considered a statute of limitations applicable to the entire *title*. Such legislative history states:

"The Committee also recommends a change in the statute of limitations applicable to actions brought under this Act. The present one-year limitation is, we believe, too short a period of time for violations of antidiscrimination legislation. The development and investigation of the necessary facts-especially in the case of *agency* or attorney general actions—may require more than a year. Discriminatory practices, unlike violations of Truth in Lending, are not apparent from the face of particular documents or contracts. The Committee therefore recommends that the statute of limitations be extended to two years."

1976 U.S.Code Cong. & Admin.News 416. (Emphasis added.)

This legislative history indicates that the Committee apparently submitted the 1976 amendment to the ECOA with the term "title" rather than "section" to Congress. Neither the parties nor the court, however, was able to discover legislative history reflecting why "title" was changed to "section" in the 1976 amendment to the ECOA. Nevertheless, the term "section" was passed into law by Congress specifying the two-year period of limitations as limited to Section 706 of ECOA. This Court does not deem this legislative history sufficient to create a rare and exceptional circumstance by which the plain language of a statute is to be avoided. This Court will not presume Congress made a mistake, and accordingly finds that the two-year statute of limitations applies to Section 706 and the five-year statute of limitations applies to actions taken by the FTC under Section 704 of the ECOA.

All other issues raised by Defendants are denied without prejudice to raising the issues upon further development of facts through discovery. Because this Court rules against the Defendants' motion, the government's Motion to Strike the Defendants' Motion for Summary Judgment is MOOT.

Accordingly, Defendants' Motion to Dismiss or, in the Alternative, for Summary Judgment is hereby DENIED.